UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHAD ELKINS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-1256-JD-JEM |

OPINION AND ORDER

Chad Elkins, a prisoner without a lawyer, filed a complaint alleging his laundry was not returned to him. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Elkins alleges he put his laundry out to be washed on December 20, 2025. He alleges Officers Walton and Rodgers took his laundry but did not return it. He says he asked several officers where his laundry was, but they all said they did not know. He filed grievances but got no response. He argues he suffered because of a lack of sufficient clothing, but does not explain what clothing he had or provide many details

about why it was inadequate. Elkins sues Officer Walton, Officer Rodgers, Warden Brian English, and Grievance Specialist Michael Gapski.

The complaint does not state a claim against the grievance specialist because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

The complaint does not state a claim against the warden because under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

The complaint does not state a claim against Officers Walton and Rodgers because they are only alleged to have taken his property. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law," but a State tort claims act which provides a method to seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it

provides or refuses to provide a suitable post deprivation remedy.”). Indiana’s tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. Those State laws provide an adequate post deprivation remedy to redress State officials’ accidental or intentional deprivation of a person’s property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (“Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.”).

The complaint mentions violations of prison policies, but those do not state a claim either. “In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law.” *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). “Essential to any section 1983 action is proof that a defendant violated a plaintiff's federal rights. The statute does not provide a remedy for abuses that do not violate federal law nor does it create substantive rights.” *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021) (cleaned up). “By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.” *Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009).

This complaint does not state a claim for which relief can be granted. It is possible Elkins could state a claim against someone for depriving him of adequate clothing, but this complaint does not clearly explain what clothing he had or why it was inadequate. Neither does it explain who knew about this inadequate clothing and was deliberately indifferent to that need. If he believes he can state a claim based on (and

consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Chad Elkins until **October 2, 2026**, to file an amended complaint; and

(2) CAUTIONS Chad Elkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 31, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT